UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ITT ENGINEERED VALVES, LLC,

          Plaintiff,

v.

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO CLC, LOCAL 36M, f/k/a LOCAL UNION No. 36, GLASS, MOLDERS, POTTERY, PLASTICS AND ALLIED WORKERS INTERNATIONAL UNION, AFL-CIO CLC,

          Defendant.

Index No.:

# COMPLAINT

Plaintiff ITT Engineered Valves, LLC ("ITT" or "the Company") complains as follows:

### Nature of the Action

1. This is an action is brought pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 *et. seq*. ("the Act") to vacate the December 28, 2020 labor arbitration award ("the Award"), issued by Arbitrator William W. Lowe ("the Arbitrator"), concerning the racist actions of an employee ("Grievant"), which included

emblazoning the phrase "F*** Sri Lanka"[1] on his face mask, wearing that moniker in the workplace, and engaging in a blatant act of aggression directed toward Grievant's supervisor, who is of Sri Lankan descent.

2.  Despite the Award finding just cause to discipline Grievant for engaging in such acts, the Arbitrator reduced Grievant's discipline from termination to a one-week suspension, and ordered that Grievant be returned to work. In doing so, the Arbitrator refused to recognize the racially motivated and threatening misconduct on the part of Grievant as being discriminatory in nature, and instead mischaracterized such conduct as being merely "very unprofessional and improper".

3.  In refusing to find Grievant's racist conduct to be discriminatory, and by requiring that ITT allow Grievant to return to work, the Arbitrator's award conflicts with the well-defined and dominant public policy under Federal Law concerning discrimination in the workplace and the legal obligation of ITT to prevent employee behavior which creates a discriminatory work environment. A copy of the Arbitrator's opinion and award (the Award") is attached hereto as **Exhibit A.**

## The Award Should Be Vacated

4.  ITT is a limited liability company organized under the State of Delaware with its principle place of business in Lancaster, Pennsylvania. The Company is engaged in the development, design, manufacturing and installation of valves that are used in a variety of industrial settings.

---

[1] The original expletive has been redacted.

5. ITT is in an industry affecting commerce, as defined in the Act.

6. Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO CLC, Local 36M, f/k/a Local Union No. 36, Glass, Molders, Pottery, Plastics and Allied Workers International Union, AFL-CIO CLC ("the Union") is a voluntary association and an unincorporated labor organization engaged in representing employees in collective bargaining with employers, the Union is a labor organization within the meaning of the Act.

7. ITT and the Union regularly conduct business within the jurisdiction of this Court. Although the Arbitration hearing at issue took place virtually, multiple witnesses providing testimony did so in Lancaster, Pennsylvania.

8. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b).

9. ITT and the Union are parties to a collective bargaining agreement ("CBA") which became on effective on May 20, 2017, and which is due to expire on May 21, 2021. A copy of the CBA is attached hereto as **Exhibit B.**

10. The Award arose out of Grievant's termination of employment on June 23, 2020. Grievant's termination resulted from the events of June 9, 2020. On that date, Grievant's supervisor, who is of Sri Lankan descent, reminded various ITT employees (including Grievant) of the importance of wearing facial masks, given the current Covid-19 health concerns.

11. In response, Grievant inscribed the phrase "F*** Sri Lanka" on his face mask, and proceeded to wear the offending mask in the workplace, in an obvious act of racially discriminatory aggression that was directed at Grievant's supervisor. Immediately after this incident was brought

to the attention of ITT management, Grievant expressed to management his desire to have "[a] one-on-one meeting with [the Sri Lankan supervisor] with no consequences" – a statement that was clearly intended as a threat of physical violence towards said supervisor (Award, p. 6).

12.  Following an investigation, ITT concluded that Grievant had engaged in "immoral or indecent" behavior and violated ITT's Code of Conduct pertaining to a Harassment – Free Workplace (Award at p. 8, n. 1; pp 14-15).

13.  As a result, Grievant's employment with ITT was terminated.

14.  On June 23, 2020, the Union filed a Grievance regarding ITT's decision to terminate Grievant.

15.  The Union Grievance was processed through the CBA's Grievance procedure and proceeded to arbitration. A hearing was held (virtually) on October 23, 2020 before Arbitrator William W. Lowe.

16.  On December 28, 2020, the Arbitrator issued his Award. The Arbitrator determined that Grievant's display of the phrase "F*** Sri Lanka" in a manner that was directed at his Sri Lankan supervisor did not rise to the level of workplace discrimination (Award, at p. 20). Furthermore, the Arbitrator found that Grievant's expressed desire to have a "one-on-one meeting" with his Sri Lankan supervisor "with no consequences" fell short of racially motivated and threatening behavior (Award, p. 20). Instead, the Arbitrator trivialized Grievant's abhorrent racism by finding that his actions were "very unprofessional and improper" (Award, p. 20), but

did not amount to "pure harassment or discrimination under the law and did not serve as a threat" (Award, p. 21).

17.     According to the Arbitrator, while just cause existed to discipline Grievant for his misconduct, the termination of his employment was too severe of a sanction (Award, p. 26). Instead, according to the Arbitrator, the better remedy should be the imposition of only a seven day suspension (Award, p. 26) – a proverbial "slap on the wrist".

18.     Upon learning of the Award and the Arbitrator's directive that Grievant be allowed to return to work, various ITT employees of non-caucasian descent have expressed concern about having to work alongside Grievant, and have indicated that they are not comfortable doing so in light of his racist misconduct.

19.     Under the settled mandate of the United States Supreme Court, as applied by the Courts within this judicial district, the Arbitrator's Award should be vacated, as it violates a well-defined and dominant Federal public policy. Title VII, 42 U.S.C. § 2000e-2, charges employers with the responsibility to maintain a workplace environment free of racial discrimination and punishes employers who fail to apply appropriate sanctions against those who commit such conduct. As the United States Supreme Court noted, an employer is required to take reasonable measures to prevent a racially hostile work environment:

> It may not always be within an employer's power to guarantee an environment free from all bigotry.... [H]e can let it be known, however, that racial harassment will not be tolerated, and he can take all reasonable measures to enforce this policy....

Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 770 (1998) (citation omitted). Section 1981 of the Civil Rights Act of 1866, as amended in 1991, 42 U.S.C. § 1981, also confirms a dominant public policy forbidding racial intimidation, discrimination, or harassment in the workplace.

20. The Award conflicts with, and completely undermines, the obligation of ITT to prevent discriminatory conduct in its workplace, and to apply sanctions against such discrimination. The Award is therefore violative of a well-defined and dominant public policy, and is subject to vacatur.

**WHEREFORE**, Plaintiff ITT respectfully prays for the following relief:

a. That the December 28, 2020 Award of Arbitrator Lowe be vacated; and

b. That the Court grant such other relief as may be just and proper.

Dated:   Albany, New York
         January 14, 2021

**HODGSON RUSS** LLP

By: ___s/ Ryan A. McGonigle___ .
Ryan A. McGonigle, Esq.  (PA Bar No. 327157)
Of Counsel:    Scott C. Paton, Esq.
               Glen P. Doherty, Esq.
*Attorneys for Plaintiff*
*ITT Engineered Valves, LLC*
677 Broadway, Suite 301
Albany, New York 12207
Telephone: 518.433.2450
rmcgonigle@hodgsonruss.com
spaton@hodgsonruss.com
gdoherty@hodgsonruss.com

090938.00011 Business 20576665v1